FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 12 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WINTER VATEL,
individually and on behalf of a class

                     Plaintiff,

      -against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

                     Defendant.
-------------------------------------------------------------x

**CLASS ACTION COMPLAINT**

**CV 11 4959**
KUNTZ J.

Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors, within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.  Plaintiff is a resident of the State of New York, Kings County. On or about September 9, 2011, plaintiff received and came into contact with a form debt collection notice together with a Three Day Notice for Rent. **Exhibits A.**

5.  Defendant Gutman, Mintz, Baker & Sonnenfeldt, P.C. is a Professional Corporation located in New Hyde Park, New York. Defendant attempts to collect debts alleged to be due another from occupants.

## CLASS ACTION ALLEGATIONS

6.  Plaintiff brings this action as a New York City class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all consumers who have received debt collection notices and/or Three Day Notices from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-20 and their successors in interest (the "Class").

7.  This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.  There are questions of law and fact which are common to the class and which predominate over questions affecting any individual Class member. These common questions of law and fact, include, without limitation:

    a.    Whether defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(3), 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(b).

    b.    Whether plaintiff and the Class have been injured by the defendant's conduct.

    c.    Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing, and, if so, what the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10.    Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

14.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.     On or about September 9, 2011, Defendant mailed a collection letter and Three Day Notice to Winter Vatel. Upon receipt of defendant's letter, Plaintiff opened and read the collection letter and Three Day Notice. The collection letter and Three Day Notice demanded rent and surrender of possession of 350 Empire Boulevard, Apt. 2F, Brooklyn, New York. **Exhibits A.**

## FIRST CAUSE OF ACTION

16.     Each of the above allegations is incorporated herein.

17.     The unsigned collection letter and accompanying Three Day Notice violated numerous provisions of the FDCPA by requiring the consumer to dispute the validity of the debt exclusively in writing, in violation of 15 U.S.C. § 1692g(a)(3), by virtue of the debt collector omitting its telephone number and stating "... PLEASE BE CERTAIN TO INCLUDE YOUR NAME, ADDRESS AND REFERENCE NUMBER IN A CLEARLY WRITTEN REQUEST."

18.     The collection letter further violated the FDCPA, 15 U.S.C. § 1692g(a)(4), by stating,

"THIS NOTICE IS SENT IN ACCORDANCE WITH N.Y. STATE LAW AND YOU MUST FOLLOW ITS INSTRUCTION EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVISE IN THIS LETTER ALSO DOES NOT AFFECT THE UNDERSIGNED'S RELATIONS WITH THE COURT AND AS A LAW FIRM THE UNDERSIGNED MAY FILE PAPERS IN THE SUIT ACCORDING TO COURT RULES."
*See* Ellis *v.* Solomon and Solomon, PC, 591 F.3d 130 (2d Cir. 2010).

19.     The collection letter overshadowed the the consumer's right to dispute the debt for a full thirty days after receipt of the collection letter by including a Three Day Notice in violation of 15 U.S.C. § 1692g(a)(3) and 1692g(a)(4).

20.     As a result of defendant's frequent and persistent abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

        **WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a)      Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)      Awarding plaintiff statutory damages;

c)      Awarding class members the maximum statutory damages;

d)      Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e)      Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 28 of the FRCP, plaintiff hereby demands a trial by jury.


Dated: October 12, 2011
       Uniondale, New York

                                    Abraham Kleinman (AK-6300)
                                    KLEINMAN LLC
                                    626 RXR Plaza
                                    Uniondale, New York 11556-0626
                                    Telephone (516) 522-2621
                                    Facsimile  (888) 522-1692

# EXHIBIT "A"

September 9, 2011

WINTER VATEL

350 EMPIRE BLVD.          APT 2F
BROOKLYN, NEW YORK        11225

TENANT OF THE ABOVE PREMISES:

TAKE NOTICE THAT YOU ARE JUSTLY INDEBTED TO THE UNDERSIGNED LANDLORD OF THE ABOVE DESCRIBED PREMISES IN THE SUM OF $1,993.36 FOR RENT OF SAID PREMISES FROM July 1, 2011 TO SEPTEMBER 30, 2011 WHICH YOU ARE REQUIRED TO PAY ON OR BEFORE THE EXPIRATION OF THREE DAYS OF THE SERVICE OF THIS NOTICE, OR SURRENDER POSSESSION OF SAID PREMISES TO THE UNDERSIGNED LANDLORD, IN DEFAULT OF WHICH THE UNDERSIGNED LANDLORD WILL COMMENCE SUMMARY PROCEEDINGS UNDER THE STATUTE TO RECOVER THE POSSESSION THEREOF.

JUL11/BAL  $248.20    AUG11    $872.58    SEP11    $872.58

ZOT, LLC                                                        LANDLORD

REF# 2875-326697-18562

This Notice was prepared by Gutman, Mintz, Baker & Sonnenfeldt, P.C.

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.
P.O. BOX #397
NEW HYDE PARK, NY 11040

TO: WINTER VATEL                                September 9, 2011

350 EMPIRE BLVD.            APT# 2F
BROOKLYN, NEW YORK          11225

DEAR SIR/MADAM:

WE ARE THE ATTORNEYS FOR  ZOT, LLC.
OUR CLIENT HAS CONSULTED WITH US WITH REFERENCE TO YOUR INDEBTEDNESS
IN THE AMOUNT OF      $1,993.36    , AND HAS REQUESTED THAT WE COLLECT
THE DEBT.

UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS
THIS LETTER THAT THE VALIDITY OF THE DEBT OR ANY PORTION OF IT IS
IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US
IN WRITING OF A DISPUTE WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS
LETTER, WE WILL OBTAIN VERIFICATION OF THE DEBT, OR A COPY OF JUDGMENT
AGAINST YOU FOR THIS DEBT, IF ANY AND MAIL IT TO YOU. FURTHER, UPON
YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS
LETTER, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL
CREDITOR, IF IT IS DIFFERENT FROM THE CURRENT CREDITOR.

THIS ADVICE PERTAINS TO YOUR DEALINGS WITH THE UNDERSIGNED. IT DOES
NOT AFFECT YOUR DEALINGS WITH THE COURT, AND IN PARTICULAR DOES NOT
CHANGE THE TIME AT WHICH YOU MUST ANSWER THE ENCLOSED NOTICE. THE NOTICE
IS SENT IN ACCORDANCE WITH N.Y. STATE LAW AND YOU MUST FOLLOW ITS INSTRUCTION
EVEN IF YOU DISPUTE THE VALIDITY OR AMOUNT OF THE DEBT. THE ADVICE IN THIS
LETTER ALSO DOES NOT AFFECT THE UNDERSIGNED'S RELATIONS WITH THE COURT AND
AS A LAW FIRM THE UNDERSIGNED MAY FILE PAPERS IN THE SUIT ACCORDING TO THE
COURT RULES.

THE LAW DOES NOT REQUIRE US TO WAIT UNTIL THE END OF THE THIRTY (30)
DAY PERIOD BEFORE SUING YOU TO COLLECT THIS DEBT. IF HOWEVER, YOU REQUEST
PROOF OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN
THE THIRTY (30) DAY PERIOD THAT BEGINS WITH YOUR RECEIPT OF THIS LETTER,
THE LAW REQUIRES US TO SUSPEND OUR EFFORTS (THROUGH LITIGATION OR OTHERWISE)
TO COLLECT THE DEBT UNTIL WE MAIL THE REQUIRED INFORMATION TO YOU.

PLEASE MAKE ALL PAYMENTS DIRECTLY TO YOUR LANDLORD AND NOT THE
UNDERSIGNED.

                        YOURS, ETC.

                        GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT
COLLECTOR.

REFERENCE #:    2875-326697-18562